IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TRAVIS L. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:21CV877 |
| | ) |
| LISA HARMON, et al., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on January 4, 2022, was served on the parties in this action. (ECF Nos. 3, 4.) It recommended that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. Plaintiff filed objections to the Magistrate Judge's Recommendation, (*see* ECF No. 5). The Court has appropriately reviewed the Magistrate Judge's Recommendation and has made a *de novo* determination in accord with the Magistrate Judge's Recommendation. The Court therefore adopts the Magistrate Judge's Recommendation.

Plaintiff also filed as part of his objections a request to amend his Complaint, which the Court will allow. However, for the following reasons, the amendment does not change the outcome of the case. Any proposed amendment remains subject to a mandatory review under 18 U.S.C. § 1915A and must be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. *Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951, 954 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." *Nasim*, 64 F.3d at 954.

A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

2

liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[1]

Plaintiff's original complaint is being dismissed because it called into question Plaintiff's state criminal convictions from 2005 and 2018. *Heck v. Humphrey*, 512 U.S. 477 (1994), bars such claims. Plaintiff states in his Notice of Objections and Request to Amend that this conclusion is "not wholly accurate" because his claims relate to a state habeas action and that action "did not challenge the 2005 and 2018 convictions per se." (ECF No. 5 at 1.)[2] This statement ignores the fact that *Heck* bars not only claims brought under § 1983 which explicitly or directly challenge criminal convictions, but also those where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. Therefore, to the extent that Plaintiff's original or amended claims necessarily

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly's* requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint); *accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 556 U.S. at 697, respectively)).

3

imply the invalidity of his prior convictions, whether or not he seeks to directly challenge them, *Heck* still bars those claims.

To any extent that *Heck* does not bar Plaintiff's proposed amended claims, they fail for other reasons. The application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing *Nasim*, 64 F.3d at 955). The statute of limitations in this case is three years. *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); *Brooks v. City of Winston Salem,* 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim*, 64 F.3d at 955.

The Complaint reveals that Plaintiff signed it on November 8, 2021, and that the Court received it on November 12, 2021. Almost all alleged events in the Complaint and proposed amendment occurred in 2016 or 2017 and Plaintiff would have known about them prior to November of 2018. Therefore, they are barred by the applicable statute of limitations. The only potential exceptions are alleged submissions of fraudulent documents in two habeas corpus actions filed by Plaintiff in this court in *Watson v. Daniels*, No. 1:18CV451 (M.D.N.C.), and *Watson v. Daniels*, No. 1:19CV249 (M.D.N.C). Plaintiff claims that certain defendants supplied a counterfeit judgment from 2005 which Defendant Clarence Delforge then filed

4

with the Court in those actions. Reviewing the dockets in those cases, the last submission of documents by Defendant Delforge in case 1:18CV451 occurred on June 19, 2018, or more than three years before Plaintiff filed the current lawsuit. Therefore, the statute of limitations bars any claims related to that case. As for case 1:19CV249, Defendant Delforge's last submission of documents occurred on May 1, 2019, which means that conduct falls within the statute of limitations. Nevertheless, any submission of a judgment from 2005, whether counterfeit or not, could not have harmed Plaintiff because his habeas corpus petition was denied partially for being moot and partially as meritless for reasons not related to the nature of the 2005 judgment. *See Watson v. Daniels*, No. 1:18CV431, 2019 WL 7863092, (M.D.N.C. Dec. 3, 2019), report and rec. adopted 2020 WL 586684 (M.D.N.C. Feb. 6, 2020), appeal dismissed 852 F. App'x 109 (4th Cir.), cert. denied, ___ U.S. ___, 142 S.Ct. 722 (2021). Plaintiff cannot show that the submission of the allegedly fraudulent judgment violated his rights. Therefore, even considering Plaintiff's amendments, his Complaint fails and, under § 1915A, this action will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's request to amend raised in his objections is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 17th day of February 2022.

/s/ Loretta C. Biggs
United States District Judge